

### IN THE
### TENTH COURT OF APPEALS

_____

### No. 10-17-00107-CR

**JOHN TREMAINE JONES,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**

_____

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 39,241

_____

### MEMORANDUM OPINION

_____

In a trial before the jury, John Tremaine Jones was convicted of two offenses: aggravated robbery (Count One) and evading arrest or detention with a vehicle (Count Two). *See* TEX. PENAL CODE ANN. §§ 29.03(a)(2); 38.04(b)(2)(A) (West 2011). He was sentenced to 75 years and 20 years, respectively, in prison with fines of $10,000 in each case. The sentences were ordered to run concurrently.

Jones's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw in each case, asserting that the appeals present no

issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Jones that counsel had filed the motion and brief pursuant to *Anders* and provided Jones a copy of the record, advised Jones of his right to review the record, and advised Jones of his right to submit a response on his own behalf. Jones submitted a response. The State submitted a reply to Jones's response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including the sufficiency of the evidence to support the conviction, the trial court's denial of Jones's motion for continuance for new counsel, trial counsel's effectiveness in representation, the propriety of the accomplice testimony, and the trial court's denial of the motion for new trial. After the review, counsel has concluded there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his response to counsel's *Anders* brief, Jones contends his co-defendant's testimony did not comply with the accomplice witness rule; the DNA evidence was insufficient to the support Jones's conviction for aggravated robbery; the trial court deprived Jones of a fair trial by not inquiring why Jones wanted new counsel; the jury should have been given a lesser-included offense instruction; and Jones was denied due

process when a proper investigation of the aggravated robbery was not conducted. In a supplemental response, Jones contends a lost exhibit is critical to a proper appeal, and its loss should result in a new trial. The record does not support Jones's contentions.

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, the *Anders* brief, and Jones's response, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Jury (Count One) signed on February 8, 2017 and Judgment of Conviction by Jury (Count Two) signed on February 8, 2017.

Should Jones wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any

petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Jones is granted, and counsel is discharged from representing Jones. Notwithstanding counsel's discharge, counsel must send Jones a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY<br/>
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed August 1, 2018
Do not publish
[CRPM]

